# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 3564 | **DATE** | April 26, 2011 |
| **CASE TITLE** | Peterson v. Hopkins | | |

**DOCKET ENTRY TEXT:**

Based on the convenience of the parties and witnesses and in the interests of justice, the Court finds that the Western District of Kentucky is clearly the more convenient forum and pursuant to 28 U.S.C. § 1404(a) the Court TRANSFERS the case to the Western District of Kentucky. The Clerk of the Court is directed to transfer the case to the Western District of Kentucky forthwith.

■[ For further details see below.]        Docketing to mail notice.

## STATEMENT

Karen Peterson, a resident of Louisville, Kentucky, filed a *pro se* Complaint in the Western District of Kentucky. Peterson used that District's standard form to describe her complaint. In short, Peterson alleged that a family member, Carolyn Hopkins, maliciously called Kentucky's Department of Children and Family Services and fraudulently reported instances of alleged abuse or neglect, causing the Department to take her children from her.

Peterson moved to proceed *in forma pauperis* and the Western District of Kentucky Court granted that motion. However, rather than provide for service of process, the Western District of Kentucky Court stated it would review the Complaint pursuant to 28 U.S.C. § 1915(e)(2) and then inform the parties (even though no provision had been made to serve Hopkins) what steps should be taken.

Four months later, the Western District of Kentucy, *sua sponte* and without providing Peterson an opportunity to be heard, transferred the case to this District. The Western District of Kentucky Court noted that the jurisdictional basis for Peterson's claims depended on the diversity of the parties, 28 U.S.C. § 1391. Thus, it applied § 1392(a) to determine where the case could be brought. Under § 1392(a)(1), a case where jurisdiction is founded solely on diversity may be brought in any judicial district where a defendant resides, which makes this district a proper venue. Section 1392(a)(2), however, allows a plaintiff to bring a case in the judicial district "in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1392(a)(2). The Western District of Kentucy Court concluded that this provision did not apply, based on a single line of reasoning — "[m]oreover, the defendant presumably would have made the telephone calls alleged in the complaint from her residence in the Northern District of Illinois." The court provided no reasoning for applying

# STATEMENT

such a presumption. Peterson alleges that Hopkins made the calls pursuant to a *family grudge*. It is certainly plausible that Hopkins could have made the alleged calls after family gatherings in Kentucky. More importantly, even if the calls were made in Illinois, they were *placed to* Kentucky. Sixth Circuit precedent makes clear that communications with the forum state that themselves give rise to the cause of action are sufficient to support a finding of personal jurisdiction over a non-resident defendant making the tortious conduct. *Neal v. Janssen*, 270 F.3d 328, 330 (6th Cir. 2001). Sixth Circuit precedent further makes clear that "any forum with a substantial connection to the plaintiff's claim" is one in which a substantial portion of the events occurred. *First of Mich. Corp. v. Bramlett*, 141 F.3d 260, 263 (6th Cir. 1998). Here, the calls, and the effects felt by the plaintiff from them, are the heart of her lawsuit. These calls were made to the Western District of Kentucky and the effects of them were felt by the Plaintiff in the Western District of Kentucky. The Court is hard-pressed to see any logical basis for concluding that a substantial portion of the events giving rise to the suit did not occur in the Western District of Kentucky. It concludes, therefore, that the Western District of Kentucky is a proper forum.

under 28 U.S.C. § 1404(a), a court has the discretion to transfer a case to another district where it may have been brought in the interests of the convenience of the parties and witnesses. Given that the Western District of Kentucy is Peterson's home forum and that she is proceeding *pro se*, it makes little sense to force her to litigate her lawsuit in this District. The Western District of Kentucky found that Peterson was not capable of paying that court's filing fee and forcing her to travel 300 miles to litigate her case would impose even more hardship on her than merely paying the filing fee (if Peterson has a car that gets 25 miles/gallon, it would cost Peterson $100 to travel to Chicago and back to Louisville). All of the records relevant to Peterson's claims — those retained by the Kentucky Department of Children and Family Services, will be in that District, not this one. Based on the convenience of the parties and witnesses and in the interests of justice, the Court finds that the Western District of Kentucky is clearly the more convenient forum and pursuant to 28 U.S.C. § 1404(a) the Court TRANSFERS the case to the Western District of Kentucky.

*Wm. J. Hibbler*